PER CURIAM.
In this workers’ compensation appeal, claimant/appellant raises multiple issues, only two of which we find merit discussion. For the following reasons, we affirm in part, reverse in part and remand.
Claimant, a 52 year-old staff coordinator at the University of Miami Medical School, was involved in a compensable accident on March 8, 1983 when a filing cabinet drawer fell on her injuring her right shoulder, arm and hand. The record shows the employer/carrier (e/c) paid benefits of $159.01 weekly from March 1983 through January 1984 and $168.42 weekly from February 1984 through October 1986.
A hearing on appellant’s claim for recalculation of benefits was held on July 17, 1987. In an order issued thereafter, the Judge of Compensation Claims (JCC) set claimant’s average weekly wage (AWW) at $284 per week with compensation of $189 weekly. After the July 17 hearing, the JCC recommended and the e/c “volunteered” a lump sum payment to claimant of $2,000 to cover any underpayment previously made to claimant should such shortfall be made to appear during the process of resolving her claim.
In December of 1988, another hearing on the matter was held during which the JCC recommended another $3,000 lump sum payment to claimant to abide the anticipated entry of an order resolving all of her claims. This $3,000 amount was not paid.
In the order entered subsequent to the December hearing, the JCC found that the e/c had paid temporary total disability (TTD) benefits from March 8,1983 through October 13, 1986 based on an AWW of $252.69. He also concluded, without specific findings, that the $2,000 lump sum payment to claimant after the July hearing served to compensate her for any underpayments made to her during the time frame in question.
Claimant argues that the JCC’s finding that the “advance” payment to her of $2,000 compensates her for the underpayment of TTD benefits is unsupported by competent substantial evidence in the record. She maintains that this payment only served to compensate her for a previous shortfall and should have included penalties and interest. Moreover, she claims no record support for the JCC’s finding that the e/c paid her $168.42 weekly from March 8, 1983 through October 13, 1986. We find merit in these contentions.
The JCC’s finding that the e/c paid benefits at the rate of $168.42 per week from March 8, 1983 through October 13, 1986 is refuted by the record. The e/c’s payment records show claimant was paid $159.01 weekly from March 1983 through January 1984 and $168.42 weekly thereafter through October 1986. She should have been paid $189 weekly during this period. Thus, the shortfall amount approximates some $4,300 dollars given the date found by the JCC to be the date of claimant’s maximum medical improvement. Additionally, even if we should accept the JCC’s finding that the sum of $168.42 had, in fact, been paid throughout the above described period, a shortfall of more than *1204 $3,800 would result. In sum, the JCC’s finding that the lump sum payment previously described served to compensate her for the shortfall in TTD benefits paid is unsupported by competent substantial evidence.
Claimant’s only other meritorious point on appeal is related in part to the issue described above. After her injury, she was evaluated/treated off and on by over a dozen health care providers for a variety of physical and psychiatric complaints. In the order appealed from, the JCC, relying on the testimony of Dr. Dooley, found that claimant reached MMI on October 27, 1986. Yet, Dr. Ray, her treating psychiatrist, testified by deposition that she did not reach MMI for her accident related psychiatric condition until December 22, 1986. Although the record supports the JCC’s finding of MMI on claimant’s physical complaints, the uncontrovert-ed testimony of Dr. Ray precludes the finding that she reached overall MMI before December 22, 1986.
Accordingly, consistent with this opinion, we reverse and remand to the JCC with instructions to (1) recalculate the amount of e/c’s underpayment of TTD benefits to claimant for the time period March 8, 1983 through October 13, 1986 and award such sum to her and (2) calculate the amount of and award claimant TTD benefits for the time period October 27, 1986 through December 22, 1986. The JCC is authorized to take additional testimony and receive additional evidence if he should determine the need for such. In all other respects the order appealed from is affirmed.
SHIVERS, C.J., and JOANOS and MINER, JJ., concur.